UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Unison Co., Ltd.,

        Plaintiff,

v.

Juhl Energy Development, Inc.,
Juhl Energy, Inc., Winona Wind
Holdings, LLC, Winona County
Wind, LLC, Daniel Juhl, John
Mitola, John Brand, Bartly J.
Loethen, Audrey Loethen, and Jeff
Bendel,

        Defendants.

MEMORANDUM OPINION
AND ORDER
Civil No. 13-3342 ADM/JJK

---

Boyoon Choi, Esq., and Vanessa M. Ish, Esq., Choi Capital Law PLLC, Seattle, WA; Paul R. Dieseth, Esq., and Katherine N. Arnold, Esq., Dorsey & Whitney LLP, Minneapolis, MN, on behalf of Plaintiff.

J. Matthew Berner, Esq., and Tim L. Droel, Esq., Droel PLLC, Bloomington, MN, on behalf of Defendants.

---

## I. INTRODUCTION

On May 19, 2014, the undersigned United States District Judge heard oral argument on Defendants' Motion to Stay Pending Appeal [Docket No. 50] and Plaintiff Unison Co., Ltd.'s ("Unison") Motion for Partial Summary Judgment [Docket No. 40]. For the reasons set forth below, Defendants' motion to stay is granted and Plaintiff's motion for partial summary judgment is denied.

## II. BACKGROUND

The context of this dispute is more fully recited in the Court's previous order, Unison Co. v. Juhl Energy Dev., Inc., 2014 U.S. Dist. LEXIS 47469 (D. Minn. Apr. 7, 2014). To the extent

necessary, the relevant facts and allegations are incorporated here by reference. In summary, Unison, a wind turbine manufacturer, provides financing for purchasing turbines. Unison entered into contracts with Defendant Juhl Energy Development, Inc. ("JEDI"), and affiliated parties, for the financing and purchase of wind turbines, as well as for the design, development and maintenance of the wind farm where the turbines would be installed. The dispute centers on allegedly conflicting language in two main contracts, the Turbine Supply Agreement ("TSA") and Financing Agreement. Am. Compl. [Docket No. 14] ¶¶ 18-22.

The TSA provides for arbitration in the event of a dispute. The Financing Agreement provides for dispute resolution in the District Court of Minnesota. On April 7, 2014, the Court found that the Financing Agreement governs this dispute and denied Unison's motion to compel arbitration. Unison, 2014 U.S. Dist. LEXIS 47469, at *12. Defendants have filed an appeal from the Order of April 7, 2014. Defendants request the Court stay proceedings pending resolution of its appeal to the Eighth Circuit Court of Appeals.

### III. DISCUSSION

**A. Motion to Stay Pending Appeal**

A "federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982). Therefore, "the filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Id.; see Gundacker v. Unisys Corp., 151 F.3d 842, 848 (8th Cir. 1998) ("Generally, a notice of appeal divests the district court of jurisdiction," but matters that are collateral to the merits may properly be considered.).

The Eighth Circuit Court of Appeals has not definitively ruled whether an appeal from a denial of a motion to compel arbitration divests the district court of jurisdiction. The Second, Fifth, and Ninth Circuits have held that a stay is not automatic "because arbitrability is an issue easily separable from the merits of the underlying dispute." Weingarten Realty Investors v. Miller, 661 F.3d 904, 907-08 (5th Cir. 2011); see also Motorola Credit Corp. v. Uzan, 388 F.3d 39, 53-54 (2d Cir. 2004); Britton v. Co-Op Banking Grp., 916 F.2d 1405, 1411-12 (9th Cir. 1990). The majority of the circuit courts of appeal considering the issue have ruled that a notice of appeal under 9 U.S.C. § 16, the Federal Arbitration Act, divests the district court of jurisdiction to proceed with the case pending appeal. Bradford-Scott Data Corp., Inc. v. Physician Computer Network, Inc., 128 F.3d 504, 506 (7th Cir. 1997); see also Levin v. Alms & Assocs, Inc., 634 F.3d 260, 264-66 (4th Cir. 2011); Ehleiter v. Grapetree Shores, Inc., 482 F.3d 207, 215 n.6 (3d Cir. 2007); McCauley v. Halliburton Energy Servs., Inc., 413 F.3d 1158, 1160-62 (10th Cir. 2005); Blinco v. Green Tree Servicing, LLC, 366 F.3d 1249, 1251-52 (11th Cir. 2004). The majority have found the federal policy favoring arbitration discourages district courts from proceeding with a case while the issue of arbitrability is being reviewed by the appeals court. Wells Enters. v. Olympic Ice Cream, No. C11-4109-DEO, 2013 U.S. Dist. LEXIS 18431, *6-7 (N.D. Iowa Jan. 31, 2013) (analyzing circuit split); see also A.O.A. v. Doe Run Res. Corp., Case No. 4:11CV44, 2012 U.S. Dist. LEXIS 34275 (E.D. Mo. Mar. 14, 2012). As the Eleventh Circuit has explained:

> Section 16 of the Federal Arbitration Act grants a party the right to file an interlocutory appeal from the denial of a motion to compel arbitration. See 9 U.S.C. § 16(a)(1)(A). By providing a party who seeks arbitration with swift access to appellate review, Congress acknowledged that one of the principal benefits of arbitration, avoiding the high costs and time involved in judicial dispute resolution, is lost if the case proceeds in both judicial and arbitral forums. If the court of appeals

>reverses and orders the dispute arbitrated, then the costs of the litigation in the district court incurred during appellate review have been wasted and the parties must begin again in arbitration. . . . Thus, the underlying reasons for allowing immediate appeal of a denial of a motion to compel arbitration are inconsistent with continuation of proceedings in the district court, and a non-frivolous appeal warrants a stay of those proceedings.

Blinco, 366 F.3d at 1251-52. In addition, the majority of circuits have found severing arbitrability from the merits of the case is much more difficult than is suggested by the minority. Bradford-Scott, 128 F.3d at 506 ("Whether the litigation may go forward in the district court is precisely what the court of appeals must decide.").

Parties arguing against an automatic stay have raised the specter of frivolous appeals. And courts adopting the majority view have recognized that there may be an exception if the appeal is frivolous. Blinco, 366 F.3d at 1251-52. An automatic stay, they argue, could lead to undue delays. Howver, the Seventh Circuit and other courts in the majority recognize that though a frivolous appeal "is a serious concern," the rules governing appeals suffice to prevent abuse. Bradford-Scott, 128 F.3d at 506

The majority position is most persuasive in this case. Unison and JEDI entered into a series of contracts for a wind turbine project. Defendants argue that the TSA governs the development project as a whole, therefore the arbitration clause should be applied to all the collateral agreements. Unison argues that the TSA cannot govern the Financing Agreement and cannot trump the Financing Agreement's dispute resolution clause. This Court agreed with Unison, finding the TSA and its arbitration clause do not govern the Financing Agreement. If the Eighth Circuit disagrees, it will likely provide guidance, or perhaps even decide, which contract governs this case. Therefore, the merits of the case are not easily distinguishable from

the arbitrability issue. As such, and pursuant to the jurisdictional transfer rule, this Court has no jurisdiction to proceed with this case while Defendants' appeal is pending.

If the Eighth Circuit finds Defendants' appeal is frivolous or dismisses it summarily, jurisdiction will return to this Court. See Eighth Circuit Local Rule 47A(a). Unison would then have the right to seek sanctions. See Federal Rule of Appellate Procedure 38. The Eighth Circuit's standard practice of dismissing frivolous appeals suffices to protect the rights of the parties while respecting the jurisdictional transfer rule.

Even if this Court were to retain jurisdiction to proceed on the merits while Defendants' appeal is pending, the Court would still stay the case on a discretionary basis in the interests of justice and judicial economy. "The Court has the inherent power to stay an action to control its docket, conserve judicial resources, and provide a just determination of the case." Novo Nordisk, Inc. v. Paddock Labs., Inc., 797 F. Supp. 2d 926, 930 n.3 (D. Minn. 2011) (citing Lunde v. Helms, 898 F.2d 1343, 1345 (8th Cir. 1990)); see, e.g., Express Scripts, Inc. v. Aegon Direct Mktg. Servs., Inc., No. 4:06-CV-1410 CAS, 2007 U.S. Dist. LEXIS 24787 (E.D. Mo. Apr. 3, 2007) (noting that a discretionary stay would be appropriate even if the appeal did not divest the district court of jurisdiction). Given the contracts at issue, this Court finds devoting further resources to this case unwarranted while the Eighth Circuit resolves the issue of the appropriate forum. A stay under the circumstances of this case will conserve resources, avoid inconsistent rulings, and reduce uncertainty.

**B. Motion for Partial Summary Judgment**

Because the appeal divests this court of jurisdiction to continue this case, the motion for partial summary judgment is denied without prejudice to renewing the motion if the Eighth Circuit determines this Court is the proper forum for resolving this dispute.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Stay Pending Appeal [Docket No. 50] is **GRANTED**; and,

2. Plaintiff Unison Co. Ltd.'s Motion for Partial Summary Judgment [Docket No. 40] is **DENIED WITHOUT PREJUDICE**.

BY THE COURT:

  s/Ann D. Montgomery  
ANN D. MONTGOMERY  
U.S. DISTRICT JUDGE

Dated:  June 6, 2014.