UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Unison Co., Ltd.,

        Plaintiff,

v.

Juhl Energy Development, Inc., Juhl Energy, Inc.,
Winona Wind Holdings, LLC, Winona County Wind,
LLC, Daniel Juhl, John Mitola, John Brand, Bartly J.
Loethen, Audrey Loethen, and Jeff Bendel,

        Defendants.

**ORDER**
Civil No. 13-3342 ADM/BRT

_____

Boyoon Choi, Esq., Choi Capital Law PLLC, Seattle WA, on behalf of Plaintiff.

J. Matthew Berner, Esq., Droel PLLC, Bloomington, MN, on behalf of Defendants.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendants Juhl Energy Development, Inc., Juhl Energy, Inc., Winona Wind Holdings, LLC, Winona County Wind, LLC, Daniel Juhl, John Mitola, John Brand, Bartly J. Joethen, Audrey Loethen, and Jeff Bendel's (collectively, "Defendants") Motion to Confirm Arbitration Award and Motion to Dismiss [Docket No. 130], and Motion for Attorney Fees and Costs [Docket No. 148]. Plaintiff Unison Co., Ltd. ("Unison"), opposes the Motions.[1] For the reasons set forth below, Defendants' Motions are denied as premature.

## II. BACKGROUND

Juhl Energy Development, Inc. ("JEDI") and Unison are parties to contractual

---

[1] Unison filed a Motion for Continuance [Docket No. 163] seeking to continue the previously scheduled May 22, 2018 hearing on Defendants' Motions. Since the May 22, 2018 hearing was cancelled, Unison's Motion is moot. See Notice Cancellation Hearing [Docket No. 154].

agreements related to the design, manufacture, and sale of Wind Turbine Generators ("WTG") to be installed in Minnesota. Am. Compl. [Docket No. 14] ¶¶ 18-22. On December 5, 2013, Unison filed suit against JEDI. See Compl. [Docket No. 1].[2] On May 26, 2015, the Eighth Circuit ordered that Unison's claims be arbitrated. Unison Co., Ltd. v. Juhl Energy Dev., Inc., 789 F.3d 816, 821 (8th Cir. 2015). This case was stayed pending the arbitration.[3] Order [Docket No. 101].

On March 26, 2018, a Final Award was issued by the American Arbitration Association. Berner Aff. [Docket No. 133] Ex. S. The arbitration panel concluded "that the most appropriate and equitable remedy for both parties is the rescission of all the contracts between the parties." Id. at 6. Unison was ordered to remove the WTGs on or before August 1, 2018, or, if it declined to remove the WTGs, to pay JEDI $350,000 to cover the cost of de-commissioning. Id. at 6–7. Unison was also ordered to reimburse JEDI for construction and related costs, as well as extra freight costs, to "place the parties in the position they were in prior to the rescinded contracts." Id. at 7.

On March 27, 2018, one day after the arbitration award was entered, Defendants filed its Motion seeking to confirm the award. Unison argues the Motion is premature.

### III. DISCUSSION

Unison argues that its time for challenging the arbitration award has yet to expire and,

---

[2] The Amended Complaint was filed on December 17, 2013.

[3] Although only Unison and JEDI were parties to the contracts with the arbitration requirement, the parties conceded that claims against all named defendants should also be submitted to arbitration so all of the claims could be heard in one forum. See Unison, 789 F.3d at 817 n.1.

thus, Defendants' effort to finalize the award is premature.[4]

Section 9 of the Federal Arbitration Act ("FAA") provides that any party may apply, within one year after the arbitration award is made, to the district court for an entry of judgment confirming the award. 9 U.S.C. § 9. Under § 12 of the FAA, either party may file a motion to vacate, modify, or correct an arbitration award. Such a motion must be filed within 90 days of the initial arbitration award. Id.; Domino Grp., Inc. v. Charlie Parker Mem'l Found., 985 F.2d 417, 419 (8th Cir. 1993). "Absent a timely motion to vacate, in most cases 'the confirmation of an arbitration award is a summary proceeding that makes what is already a final arbitration award a judgment of the court.'" Domino Grp., Inc., 985 F.3d at 420 (quoting Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984)). As of this time, the arbitration award is still subject to challenge under § 12. Thus, Defendants' motion to confirm the award is premature.[5]

### IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants Juhl Energy Development, Inc., Juhl Energy, Inc., Winona Wind Holdings, LLC, Winona County Wind, LLC, Daniel Juhl, John Mitola, John Brand, Bartly J. Joethen, Audrey Loethen, and Jeff Bendel's Motion to Confirm Arbitration Award and Motion to Dismiss [Docket No. 130] is **DENIED AS PREMATURE**. Defendants may renew its Motion after the period to challenge the arbitration award under § 12 of the FAA has expired; and

---

[4] Defendants correctly note that Unison's Opposition [Docket No. 164] was not timely filed. The Local Rules grant judges broad discretion in crafting an appropriate remedy for an untimely submission. D. Minn. LR 7.1(g). Under the circumstances, Unison's late filing will be considered. Defendants' Motion is not complicated, and Unison's opposition is equally straightforward. Thus, Defendants are not prejudiced by the late filing. Unison is cautioned, however, that future late submissions will likely not be viewed with such leniency.

[5] Since the issue of attorneys' fees is inextricably linked with the arbitration award, Defendants' motion seeking fees is also premature.

2. Defendants' Motion for Attorney Fees and Costs [Docket No. 148] is **DENIED AS PREMATURE**.

3. Unison Co., Ltd's Motion for Continuance [Docket No. 163] is **DENIED AS MOOT**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: June 11, 2018.